IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | 93-264 |
| | : | |
| AMIN A. RASHID | : | |

## ORDER & MEMORANDUM

### O R D E R

**AND NOW**, this 9th day of January, 2009, upon consideration of *pro se* defendant Amin A. Rashid's Motion for New Trial Pursuant to Rule 25(b)(2)(B), Federal Rules of Criminal Procedure (Document No. 469, filed December 3, 2008), and Government's Response to Defendants Motion for New Trial Pursuant to Rule 25(b)(2)(B), (Document No. 472, filed December 31, 2008), **IT IS ORDERED** that pro se defendant Amin A. Rashid's Motion for New Trial pursuant to Rule 25(b)(2)(B), Federal Rules of Criminal Procedure is **DISMISSED FOR LACK OF JURISDICTION**.

### MEMORANDUM

**I.    BACKGROUND**

This case was tried to a jury in December of 1993. Defendant was convicted of fifty-four (54) counts of mail fraud, wire fraud, and money laundering. He was sentenced to one hundred sixty-eight (168) months imprisonment and three (3) years of supervised release.

Defendant was released from prison and placed on supervised release in 2005. On August 21, 2008, while defendant was still on supervised release, a federal grand jury returned an indictment charging him with two (2) counts of mail fraud in violation of 18 U.S.C. § 1341 and one (1) count of aggravated identity theft in violation of 18 U.S.C. § 1028A.

On December 3, 2008 defendant filed the instant Motion for New Trial pursuant to

Federal Rule of Criminal Procedure 25(b)(2)(B) based on his 1993 convictions. He argues, *inter alia*, that the Court "directed a verdict of guilty" when it purportedly stated that the Government "has held the burden" of proving beyond a reasonable doubt each essential element of what is alleged in the indictment. (See Def.'s Mot. at 6-9.)

## II.    DISCUSSION

Although defendant filed his Motion for New Trial under Rule 25(b)(2)(B)—the Rule that deals with a successor judge's ability to grant a new trial during the trial judge's disability—he must still meet the requirements of Federal Rule of Criminal Procedure 33. Under Rule 33 the defendant must move for a new trial within seven (7) days after the verdict or finding of guilty, or—in the case of newly discovered evidence— within three (3) years after the verdict or finding of guilty. In this case defendant filed his Motion for New Trial fifteen (15) years after the jury verdict in his 1993 trial and after defendant served a term of imprisonment of one hundred sixty-eight (168) months.

The Court of Appeals has held that the time limits in Rule 33 are jurisdictional. See United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987) (citing United States v. Smith, 331 U.S. 469, 474-75 (1947)). "When the filing requirements are considered 'jurisdictional,' non-compliance bars an action regardless of the equities of a given case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). A District Court is powerless to entertain such motions out of time unless the Court has granted an appropriate extension of time within seven (7) days after the verdict, and that was not done in this case. See Coleman, 811 F.2d at 807.

District Courts are without discretion to consider untimely motions for new trial under Rule 33.  See United States v. Gaydos, 108 F.3d 505, 512, (3d Cir. 1997).  Because defendant in this case filed his Motion for New Trial fifteen (15) years after the jury verdict, this Court lacks jurisdiction to consider the motion, and it is dismissed on that ground.

                                    **BY THE COURT:**

                                    **/s/ Honorable Jan E. DuBois**
                                    **JAN E. DUBOIS, J.**