IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 93-264 |
| v. | : | |
| | : | CIVIL ACTION |
| AMIN A. RASHID | : | NO. 95-7396 |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 17th day of March, 2009, upon consideration of defendant, Amin A. Rashid's Motion for Reconsideration of Denial of Rule 60(b)(6) Motion Due to Fraud on the Court (Document No. 476) ("Motion for Reconsideration"), Amir A. Rashid and Anwar A. Rashid's Motion for Permission to Intervene Pursuant to Rule 24(a) Federal Rules of Civil Procedure (Document No. 477) ("Rule 24(a) Motion"), and, Amir A. Rashid and Anwar A. Rashid's Motion to Void Ab-Initio Criminal Forfeiture of 444 East Mount Pleasant Avenue, Philadelphia, PA 19144 (Document No. 478) ("Motion to Void"), all filed on January 20, 2009, and the Government's Response to Defendant's Motion for Reconsideration, to Void and to Intervene (Document No. 483, filed February 5, 2009), for the reasons stated in the attached Memorandum, **IT IS ORDERED** as follows:

1. Amin A. Rashid's Motion for Reconsideration (Document No. 476) is **DENIED**;

2. Amir A. Rashid and Anwar A. Rashid's Rule 24(a) Motion (Document No. 477) is **DENIED**; and,

3. Amir A. Rashid and Anwar A. Rashid's Motion to Void (Document No. 478) is **DENIED**.

**MEMORANDUM**

I.   **BACKGROUND**

On December 27, 1993, after a jury trial, defendant was convicted of 54 counts of mail fraud, wire fraud, and money laundering in this District. At that time, the jury also returned a special verdict of forfeiture, finding that, *inter alia*, defendant's house at 444 E. Mount Pleasant Avenue, Philadelphia, Pennsylvania, was traceable to his criminal activity.

In March of 1994, defendant was sentenced to, *inter alia*, 168 months imprisonment and three (3) years of supervised release. On May 19, 1994, the Court enforced the jury's special verdict of forfeiture and issued an order forfeiting to the United States, *inter alia*, defendant's right, title, claim, and interest in the Mount Pleasant Avenue house. As part of that order, the Court required that notice of the forfeiture be published, and that the United States give direct notice to all known interested parties so third parties might assert any possible interest in the property before the United States took final control over the property. Defendant did not appeal from that order. See In re Rashid, 2004 WL 2861872, at *1 (E.D. Pa. Dec. 13, 2004) (Diamond, J.); United States v. Amin A. Rashid, 2000 WL 1622761, at *1 (E.D. Pa. Oct. 30, 2000) (Giles, J.).

On May 16, 1997, following the notice period, the Court entered a Judgment and Final Order of Forfeiture. See United States v. Rashid, 2000 WL 1622761, at *1 (E.D. Pa. Oct. 30, 2000) (Giles, J.). Thereafter, the property was sold by the Government. Defendant unsuccessfully challenged the validity of the forfeiture on at least four occasions. In re Rashid, 2004 WL 2861872, at *1.

On January 7, 1999, defendant filed a Motion for Relief from Judgment Pursuant to Rule

60(b)(6) ("Rule 60(b)(6) Motion"), which the Court denied by order of July 22, 1999. United States v. Rashid, No. 93-CR-264 (E.D. Pa. July 22, 1999) (Giles, J.).  The United States Court of Appeals for the Third Circuit denied a certificate of appealability by Order of October 24, 2000.

On December 3, 2008, defendant filed a Motion for New Trial Pursuant to Federal Rule of Criminal Procedure 25(b)(2)(B) ("Motion for New Trial") based on his 1993 convictions.  By Order and Memorandum dated January 12, 2009, this Court dismissed the Motion for New Trial for lack of jurisdiction.  United States v. Rashid, No. 93-CR-264, 2009 WL 82477 (E.D. Pa. Jan. 12, 2009).

On January 20, 2009, defendant and his sons, Amir A. Rashid and Anwar A. Rashid, filed the three pending motions: Amin A. Rashid's Motion for Reconsideration (Document No. 476); Amir A. Rashid and Anwar A. Rashid's Rule 24(a) Motion (Document No. 477); and, Amir A. Rashid and Anwar A. Rashid's Motion to Void (Document No. 478).  The Court addresses these motions in turn.

## II. DISCUSSION

### A. AMIN A. RASHID'S MOTION FOR RECONSIDERATION

Three situations justify granting a motion for reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence not available when the court issued its decision; or (3) the need to correct a clear error of law or fact or to prevent "manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Enigwe v. United States Dist. Ct. for the Eastern Dist. of Pa., 2006 WL 2884433, at *1 (E.D. Pa. Oct. 6, 2006).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943

(E.D. Pa. 1995). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Under Federal Rule of Civil Procedure 59(e), "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). This "ten-day period 'is jurisdictional, and cannot be extended in the discretion of the district court.'" Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994) (quoting Welsh v. Folsom, 925 F.2d 666, 669 (3d Cir. 1991)).

In this case, defendant's Motion for Reconsideration seeks reconsideration of the Court's Order of July 22, 1999 denying defendant's Rule 60(b)(6) Motion. United States v. Rashid, No. 93-CR-264 (E.D. Pa. July 22, 1999) (Giles, J.). Because defendant filed his Motion for Reconsideration on January 20, 2009—over nine (9) years after the Court's disposition of his Rule 60(b)(6) Motion—petitioner's Motion is time-barred and must be dismissed for lack of jurisdiction.

Notwithstanding the denial of the Motion for Reconsideration for lack of jurisdiction, the Court decided it was appropriate to listen to the original tape of the jury charge given in defendant's 1993 trial in order to determine how the trial judge charged the jury on the burden of proof. It did so because the gravamen of defendant's Motion for Reconsideration is that the trial judge erroneously instructed the jury that "[t]he Government has held the burden of proving beyond a reasonable doubt each essential element of what is alleged in the indictment." That was the language that appeared in the first transcript of the jury charge on December 27, 1993.

4

Thereafter, on July 13, 1999, that transcript was amended to read "[t]he Government is held to the burden of proving beyond a reasonable doubt each essential element of what is alleged in the indictment." Defendant argues that the change in the transcript constituted a fraud on the Court. He seeks reconsideration of the July 22, 1999 Order denying his Rule 60(b)(6) Motion on that ground.

The Court obtained the original of the tape recording from which the amended transcript of the jury charge was made and listened to that tape recording on February 6, 2009. That tape recording makes it clear that the trial judge properly charged the jury that "[t]he Government is held to the burden of proving beyond a reasonable doubt each essential element of what is alleged in the indictment." The original of the tape recording simply does not support defendant's argument.

Defendant has presented absolutely no evidence of any errors of law. Moreover, there is no issue of an intervening change in controlling law, or the availability of new evidence not available when the Court issued its order on July 22, 1999. For those reasons, separate and apart from the lack of jurisdiction, defendant has failed to present any evidence or argument that warrants reconsideration of the Order of July 22, 1999.

### B.  AMIR A. RASHID AND ANWAR A. RASHID'S RULE 24(a) MOTION AND MOTION TO VOID

Amir A. Rashid and Anwar A. Rashid seek to intervene in a long since concluded criminal forfeiture action under Federal Rule of Civil Procedure 24(a). They also seek to void ab-initio the criminal forfeiture proceedings.

"There is no provision in the Federal Rules of Criminal Procedure for intervention by a third party in a criminal proceeding; intervention in civil proceedings is governed by Rule 24 of

the Federal Rules of Civil Procedure, which does not apply in a criminal case." United States v. Kollintzas, 501 F.3d 796, 800 (7th Cir. 2007); see also DSI Associates LLC v. U.S., 496 F.3d 175 (2d Cir. 2007) (noting that it is "well settled" that 21 U.S.C. § 853(n), incorporated by the criminal forfeiture provision of 18 U.S.C. § 982, is "the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered").

21 U.S.C. § 853(n)(2) provides the sole means for asserting a legal interest in property which has been ordered forfeited to the United States in a criminal case. That statute provides as follows:

> [A]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

21 U.S.C. § 853 (n)(2).

Section 853 (n)(7) further states:

> Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture . . . .

Id. at § 853(n)(7).

Once the thirty-day time period provided in § 853(n)(2) has passed, any interest a third party might have had in the criminally forfeited property "has been entirely extinguished pursuant to § 853(n)(7)." U.S. v. Hentz, No. 90-CR-276-03, 1996 WL 355327, *4 (E.D. Pa. June 20, 1996); see also 3 Charles Alan Wright, Nancy J. King, & Susan R. Klein, Federal Practice and Procedure § 547 (3d Ed. 2004) ("If a third party fails to file a timely claim, or if all claims are denied following a hearing, the court will enter a final order of forfeiture . . . and all third party

6

rights are extinguished.").

Amir A. Rashid and Anwar A. Rashid, defendant's sons, filed the Rule 24(a) Motion and the Motion to Void on January 20, 2009. That was more than eleven (11) years after publication of the notice of forfeiture and the entry of Judgment and Final Order of Forfeiture on May 16, 1997.

The applicants attempt to explain their delay in moving for intervention on the ground that they were minors at the time of the forfeiture,[1] and that the deed to the property named as owners "Amin A. Rashid and Joyce K. Rashid, his wife, as Trustees for Amir A. Rashid and Anwar A. Rashid, minors." They also argue that "their interests were not adequately represented during the criminal forfeiture proceedings due to the United States of America's '*fraud on the court*.'" They do not explain what is meant by "*fraud on the court*," but presumably they refer to the amendment of the transcript of the trial judge's charge as was argued by their father, the defendant. This Court has already ruled on that issue—there was no fraud on the Court.

All of the evidence relating to ownership of the property in question, including the deed to the property, was presented to the jury at the trial in 1993. On that evidence, the jury found that the property at 444 East Mount Pleasant Avenue was traceable to defendant's criminal activity. Moreover, defendant unsuccessfully challenged the validity of the forfeiture on at least four (4) previous occasions, arguing, among other things, that he was merely a trustee and that the property was owned by the applicants, Amir A. Rashid and Anwar A. Rashid, minors. In view of that record, there is absolutely no evidence that the interests of the applicants were not adequately represented during the criminal forfeiture proceedings and in the challenges to the

---

[1] The Rule 24(a) Motion fails to state the ages of defendant's sons, so the Court does not know whether they were minors at any material stage of these protracted proceedings, and, if so, whether (or when) they reached majority.

criminal forfeiture that followed.  <u>Rashid</u>, 2004 WL 2861872, at *1.

The applicants failed to file a timely claim as required by 21 U.S.C. § 853(n)(2). Moreover, after the expiration of the thirty (30) day period provided in § 853(n)(2), any interest Amir A. Rashid and Anwar A. Rashid might have had in the forfeited property is entirely extinguished pursuant to § 853(n)(7).  Thus, Amir A. Rashid and Anwar A. Rashid's Motion to Intervene under Rule 24(a) and Motion to Void are denied.

### III.   CONCLUSION

For the reasons set forth above, the Court denies: Amin A. Rashid's Motion for Reconsideration; Amir A. Rashid and Anwar A. Rashid's Rule 24(a) Motion; and, Amir A. Rashid and Anwar A. Rashid's Motion to Void.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**