IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 93-264 |
| v. | : | |
| | : | CIVIL ACTION |
| AMIN A. RASHID | : | NO. 95-7396 |

ORDER AND MEMORANDUM

O R D E R

**AND NOW**, this 6th day of April, 2009, upon consideration of Interveners' Motion for Reconsideration of Order and Memorandum Denying Permission to Intervene and Motion to Void Criminal Forfeiture of Premises Known as 444 East Mount Pleasant Avenue, Philadelphia, PA 19144 ("Motion for Reconsideration") (Document No. 487, filed March 31, 2009) filed by Amir A. Rashid and Anwar A. Rashid, for the reasons stated in the attached Memorandum, **IT IS ORDERED** that the Motion for Reconsideration of Amir A. Rashid and Anwar A. Rashid is **DENIED**.

M E M O R A N D U M

I.   BACKGROUND

A detailed factual and procedural history is included in this Court's Order and Memorandum of March 17, 2009. See United States v. Rashid, Nos. 93-cr-264 & 95-cv-7396, 2009 WL 723382 (E.D. Pa. Mar. 17, 2009). Accordingly, this Memorandum sets forth only the factual and procedural history necessary to explain the Court's ruling.

On December 27, 1993, after a jury trial, defendant was convicted of 54 counts of mail fraud, wire fraud, and money laundering in this District. At that time, the jury also returned a special verdict of forfeiture, finding that, *inter alia*, defendant's house at 444 E. Mount Pleasant

Avenue, Philadelphia, Pennsylvania, was traceable to his criminal activity.

On May 19, 1994, the Court enforced the jury's special verdict of forfeiture and issued an order forfeiting to the United States, *inter alia*, defendant's right, title, claim, and interest in the Mount Pleasant Avenue house. As part of that order, the Court required that notice of the forfeiture be published, and that the United States give direct notice to all known interested parties so third parties might assert any possible interest in the property before the United States took final control over the property. Defendant did not appeal from that order. See <u>In re Rashid</u>, 2004 WL 2861872, at *1 (E.D. Pa. Dec. 13, 2004) (Diamond, J.); <u>United States v. Amin A. Rashid</u>, 2000 WL 1622761, at *1 (E.D. Pa. Oct. 30, 2000) (Giles, J.).

On May 16, 1997, following the notice period, the Court entered a Judgment and Final Order of Forfeiture. See <u>United States v. Rashid</u>, 2000 WL 1622761, at *1 (E.D. Pa. Oct. 30, 2000) (Giles, J.). Thereafter, the property was sold by the Government.

On January 20, 2009, defendant and his sons, Amir A. Rashid and Anwar A. Rashid ("interveners"), filed three motions: Amin A. Rashid's Motion for Reconsideration of Denial of Rule 60(b)(6) Motion Due to Fraud on the Court ("Rule 60(b)(6) Reconsideration Motion"); Amir A. Rashid and Anwar A. Rashid's Motion for Permission to Intervene Pursuant to Rule 24(a) Federal Rules of Civil Procedure ("Rule 24(a) Motion"); and, Amir A. Rashid and Anwar A. Rashid's Motion to Void Ab-Initio Criminal Forfeiture of 444 East Mount Pleasant Avenue, Philadelphia, PA 19144 ("Motion to Void"). By Order and Memorandum dated March 17, 2009, the Court denied these three motions on the ground that they were untimely. Specifically, the Court found that it lacked jurisdiction over defendant's Rule 60(b)(6) Reconsideration Motion because it was filed over nine (9) years after this Court's disposition of defendant's Rule 60(b)(6)

motion, and interveners' Rule 24(a) Motion and Motion to Void were time-barred because they were filed over eleven (11) years after the expiration of the thirty (30) day period provided in 21 U.S.C. § 853(n)(2) for the assertion of third party interests in property that is the subject of criminal forfeiture. United States v. Rashid, Nos. 93-cr-264 & 95-cv-7396, 2009 WL 723382, *2, 3 (E.D. Pa. Mar. 17, 2009).

Presently before the Court is interveners' motion seeking reconsideration of their Rule 24(a) Motion and Motion to Void. For the reasons discussed in Part III, *infra*, the Court denies interveners' Motion for Reconsideration.

## II.    LEGAL STANDARD

The purpose of a motion for reconsideration of an order is to correct manifest errors of law or fact, or to present newly discovered evidence. Max's Seafood Café v. Max Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A prior decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995); see also Rottmund v. Continental Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Moreover, A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly." Glendon Energy Co. v.

Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); see also United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) ("Parties are not free to relitigate issues which the court has already decided."). "The motion for reconsideration should not be used as a vehicle for endless debate between the parties and the court." Karr v. Castle, 768 F. Supp. 1087, 1093 (D. Del. 1991).

**III.   DISCUSSION**

Interveners seek reconsideration of the Court's Order and Memorandum of March 17, 2009 on several grounds. Interveners' arguments for reconsideration implicate the third prong of the legal standard by which motions for reconsideration are granted: the need to correct a clear error of law or fact or to prevent manifest injustice. Interveners' claims are not analyzed under the first two prongs of this legal standard because they do not argue that there has been an intervening change in controlling law or that new evidence that was not available when the court issued its order has become available.

Upon consideration of their arguments, the Court concludes that interveners have failed to establish a ground for reconsideration and thus denies their Motion for Reconsideration. The Court addresses each of interveners' arguments below.

    **1.   Rule 24(a) Is Applicable to Criminal Forfeitures**

First, interveners object to the Court's determination in its Order and Memorandum of March 17, 2009 that Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 24 does not apply in criminal cases. United States v. Rashid, Nos. 93-cr-264 & 95-cv-7396, 2009 WL 723382 (E.D. Pa. Mar. 17, 2009) (citing United States v. Kollintzas, 501 F.3d 796, 800 (7th Cir. 2007)). Interveners argue that because the jury in the criminal forfeiture proceeding was charged that the

government had the burden of proving all essential elements by a preponderance of the evidence, the Rule 24(a) Motion and Motion to Void should be "guided by the Federal Rules of Civil Procedure, not the Federal Rules of Criminal Procedure." (Mot. Reconsideration 2.) That argument is rejected for the reasons that follow.

First, the preponderance of the evidence standard is the proper standard for criminal forfeiture proceedings under 21 U.S.C. § 853. See 21 U.S.C. § 853(d) (stating that "[t]here is a rebuttable presumption at trial that any property of a person convicted of a felony under this subchapter . . . is subject to forfeiture . . . if the United States establishes by a preponderance of the evidence that–(1) such property was acquired by such person during the period of the violation . . . or within a reasonable time after such period; and (2) there was no likely source for such property other than the violation of this subchapter . . .").

Second, interveners cite no authority for the proposition that Fed. R. Civ. P. 24(a) applies in a criminal case. To the contrary, as stated by the Court in its Order and Memorandum of March 17, 2009, "'Rule 24 of the Federal Rules of Civil Procedure . . . does not apply in a criminal case,'" (Rashid, 2009 WL 723382 at *3 (quoting Kollintzas, 501 F.3d at 800)), and 21 U.S.C. § 853(n) provides "'the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered.'" (Id. (quoting DSI Associates LLC v. U.S., 496 F.3d 175 (2d Cir. 2007)).) Interveners' unsubstantiated assertion seeks to "relitigate issues which the court has already decided," which is inappropriate in a motion for reconsideration. United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003).

Finally, interveners argue that since they are requesting "a civil remedy at the close of a criminal case," the motions should be treated as civil proceedings subject to Fed. R. Civ. P.

24(a). (Mot. Reconsideration 2.) In support of this position, interveners cite to <u>United States v. Bein</u>, 214 F.3d 408 (3d Cir. 2000). In <u>Bein</u>, the United States Court of Appeals for the Third Circuit addresses motions for the return of property under Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 41(e), which enables "[a] person aggrieved by the deprivation of property" seized by the Government for use in investigation and trial to "file a motion under [Fed. R. Crim. P.] 41(e) to request its return." <u>Bein</u>, 214 F.3d at 411. According to the <u>Bein</u> court, a motion for the return of property filed after the criminal proceeding ends is "treated as a civil proceeding for equitable relief." <u>Id.</u>

However, the <u>Bein</u> court's holding is inapposite to this case. <u>Bein</u> involved a motion for the return of property filed after the criminal proceeding ended. The instant motion involves a criminal forfeiture proceeding that was part of the criminal case. Criminal forfeiture proceedings, as distinguished from a motion for the return of property at issue in <u>Bien</u>, are governed by 21 U.S.C. § 853(n). This Court properly utilized §§ 853(n)(2) and (n)(7) in the instant criminal forfeiture proceedings. In sum, interveners fail to establish a ground for reconsideration with respect to this issue.

  **2. Alleged Minority Status of Interveners**

Second, interveners argue that because they were minors at the time of the criminal forfeiture of the 444 East Mount Pleasant Avenue property, they were "unable to comprehend the nature of the action being taken to 'deprive them' of their property and unable to petition the court by submission of a 'signed petition under penalty of perjury,' as required pursuant to 21 U.S.C. § 853(n)(3)." (Mot. Reconsideration 3.) Moreover, interveners challenge the Court's statement in its Order and Memorandum of March 17, 2009 that it "does not know whether

[interveners] were minors at any material stage of [the criminal forfeiture] proceedings" because the Rule 24(a) Motion failed to state the ages of the interveners. (Id. at 6 (citing United States v. Rashid, Nos. 93-cr-264 & 95-cv-7396, 2009 WL 723382, *4 (E.D. Pa. Mar. 17, 2009)).) In support of this position, interveners reference two excerpts from the trial testimony: 1) defendant's statement that the property "is owned by my kids," and 2) defense counsel's statement that defendant's wife exercised control over the property as "trustee for her sons." (Id.)

In so arguing, interveners seek to explain their failure to intervene in a timely fashion and otherwise in conformity with the requirements of § 853(n) on the ground that they were minors at the time of forfeiture and could not adequately represent their own interests. However, this is the same argument that interveners made in their Rule 24(a) Motion and Motion to Void—an argument which the Court rejected in its Order and Memorandum of March 17, 2009 on the ground that "there is absolutely no evidence that the interests of the applicants were not adequately represented during the criminal forfeiture proceedings and in the numerous challenges to the criminal forfeiture that followed." United States v. Rashid, Nos. 93-cr-264 & 95-cv-7396, 2009 WL 723382, *4 (E.D. Pa. Mar. 17, 2009).

Interveners' argument in the instant Motion for Reconsideration must again be rejected because, *inter alia*, they have presented no evidence or authority to demonstrate that their interests were not adequately represented with respect to the criminal forfeiture proceedings or that the Court made any error of law or fact in ruling against interveners on this issue in its Order and Memorandum of March 17, 2009. To the contrary, the transcript appended to the Motion to Void demonstrates that there was evidence presented at trial that the property at issue was purchased by defendant "using the proceeds of the monies which he obtained from" the unlawful

activity described in "counts 46 and 47 of the indictment" and was thus "traceable to the money laundering counts . . . ." (Jury Trial Tr., 25:3–12, Dec. 27, 1993, Ex. D to Interveners' Mot. Void Ab-Initio.)

With respect to their ages, interveners' references to the record in which they are called "kids" or "sons" does not establish that they are minors. However, according to a transcript attached to interveners' Motion for Reconsideration, either on July 14, 1993 or July 26, 1993,[1] defendant stated to the Court that "[m]y children are three and four years old . . . ."[2] (Hr'g Tr., 5:7–8, July 14, 1993, Ex. B to Interveners' Mot. Reconsideration; Hr'g Tr. 5:7–8, July 26, 1993, Ex. C to Interveners' Mot. Reconsideration.) Moreover, assuming *arguendo* that the limitations period of 21 U.S.C. § 853(n) was tolled during minority, and without any information or evidence on interveners' dates of birth, and assuming the youngest possible age of the interveners based on defendant's testimony (i.e., that one of the two interveners turned three years old on July 13, 1993), the youngest intervener would have reached the age of majority of 18 years of age no later than July 13, 2008. Thus, the latest possible date that the limitations period for an action to assert a third party interest under 21 U.S.C. § 853(n) could have been tolled (if tolling is available) is July 13, 2008. Given that interveners did not file their Motion to Void until January 20, 2009, they still failed to meet the thirty (30) day deadline for asserting a third party interest in

---

[1] The Court notes that interveners attached the same transcript of hearing testimony in two attachments that bear different hearing dates. Specifically, Exhibit B is referenced as the transcript from a July 14, 1993 hearing, and Exhibit C is referenced as the transcript from a July 26, 1993 hearing. Both of these transcripts contain identical testimony. For the purposes of deciding the instant Motion, the Court will treat the hearing testimony as having been given on the earlier of the two dates.

[2] This portion of the transcript was not specifically referenced by the interveners in their Motion for Reconsideration.

forfeited property under § 853(n)(2) even if the limitations period was tolled until the youngest of the interveners reached the age of majority. Having pointed to no error of law or fact by the Court on this issue, the Court rejects this ground for reconsideration.

### 3. Statements by the Court Concerning Evidence Before the Jury and Defendant's Prior Challenges to the Validity of the Forfeiture Proceedings

Third, interveners argue that the Court erred in stating in its Order and Memorandum of March 17, 2009 that: 1) "[a]ll of the evidence relating to ownership of the property in question, including the deed to the property, was presented to the jury at the trial in 1993;" and 2) "defendant unsuccessfully challenged the validity of the forfeiture on at least four (4) previous occasions, arguing, among other things, that he was merely a trustee and that the property was owned by the applicants." (Id. at 7 (quoting Rashid, 2009 WL 723382 at *1, 4).)

As to the first statement, interveners reference two excerpts from the trial transcript: 1) the trial court's statement to the jury that "you have the indictment; you have the benefit of your verdict and you will have the special verdict form;" and 2) the failure of trial counsel to "inform[] the jury that the property is deeded to Amir A. Rashid and Anwar A. Rashid." (Id.) However, these references to the record are not inconsistent with the Court's statement and fail to demonstrate that the Court made any error of law or fact in determining that "evidence relating to ownership" was presented to the jury at the trial in 1993. Moreover, the Third Circuit subsequently affirmed the forfeiture order. See In re Rashid, 210 F.3d 201, 203 (3d Cir. 2000).

As to the second statement, interveners contend that the "Court cites no specific incident where such an argument was raised by defendant . . . ." (Id.) However, in its Order and

9

Memorandum of March 17, 2009, the Court specifically cited to a 2004 opinion, which stated that defendant "has filed three separate Bankruptcy Court actions" and, in 2003, "filed his fourth *pro se* action in Bankruptcy Court, again challenging the validity of the forfeiture." In re Rashid, 2004 WL 2861872, at *1 (E.D. Pa. Dec. 13, 2004) (Diamond, J.). Moreover, Joyce K. Rashid, defendant's wife, previously brought suit "*pro se* as trustee for her minor children" in which she "filed a Petition for Declaration of Innocent Owner Status and Remission of Forfeited Property." Rashid v. United States, 1996 WL 421855, *1 (E.D. Pa. July 25, 1996). The Third Circuit concluded that the innocent owner defense was "simply not available in the context of a criminal forfeiture." Id. (citing United States v. Rashid, No. 94-1806 (3d Cir. Aug. 15, 1995)).

In addition, the Court notes that interveners' argument is particularly unavailing given that the Court's reference to defendant's prior unsuccessful challenges to the forfeiture was not essential to the Court's holding—namely, that interveners' Rule 24(a) Motion and Motion to Void were filed more than eleven (11) years after publication of the notice of forfeiture and the entry of Judgment and Final Order of Forfeiture on May 16, 1997, and were therefore time barred. In sum, interveners fail to establish a ground for reconsideration with respect to this issue.

### 4.    Attempt to Tender New Legal Theories

Finally, interveners argue that, in its Order and Memorandum of March 17, 2009, the Court should have analyzed two legal claims that interveners failed to raise in their Rule 24(a) In support of this position, interveners reference two excerpts from the trial testimony: 1) defendant's statement that the property "is owned by my kids," and 2) defense counsel's statement that defendant's wife exercised control over the property as "trustee for her sons." (Id.) Motion and their Motion to Void. Specifically, interveners state that: 1) "proper adjudication of

10

the [Motion to Void] . . . is by Rule 41(g), Federal Rules of Criminal Procedure . . . ;" and 2) the order of forfeiture constituted a due process violation. (Mot. Reconsideration 3, 9.) However, it is well established that a motion for reconsideration is an "'improper vehicle to introduce evidence previously available or to tender new legal theories.'" <u>Learning Curve Toys, L.P. v. Playwood Toys, Inc.</u>, 2000 WL 343497, *1 (N.D. Ill. 2000) (quoting <u>Bally Export Corp. v. Balicar, Ltd.</u>, 804 F.2d 398, 404 (7th Cir.1986)). Because interveners seek to "tender new legal theories," which is inappropriate in a motion for reconsideration, the Court concludes that interveners fail to establish a ground for reconsideration with respect to these issues.

**IV.    CONCLUSION**

For the reasons set forth above, the Court denies Amir A. Rashid and Anwar A. Rashid's Motion for Reconsideration.

**BY THE COURT:**


**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**